# Exhibit A



# Claim form

**In the High Court of Justice
Business and Property Courts of England and Wales
Intellectual Property List (ChD)
Patents Court**

01 Jul 2020

| | *for court use only* |
|---|---|
| Claim No. | HP-2020-000024 |
| Issue date | |

**Claimant**
**SAINT-GOBAIN ADFORS S.A.S.** (a company existing under the laws of France) of Tour Saint-Gobain, 12 place de l'Iris, 92400, Courbevoie, France

**Defendant**
**3M INNOVATIVE PROPERTIES COMPANY** (a company existing under the laws of Delaware, United States) of 3M Center Saint Paul, MN 55144, United States

**Brief details of claim**

1.   The claim is an action for revocation of the Defendant's UK designated European Patent No EP(UK) 2 373 755 B1 (the "**Patent**").

2.   The Claimant is seeking:
     (i)     A declaration that the Patent is invalid.
     (ii)    An order that the Patent be revoked.
     (iii)   Costs together with interest thereon.
     (iv)   Further or other relief.

**Value**
Unspecified. The Claim needs to be in a specialist High Court list, namely the Patents Court List, because the Claim is brought under the Patents Act 1977. For the purposes of CPR 3.12(1)(b) this Claim whilst unspecified is valued at £10,000,000 or more.

| Defendant's name and address | See above |
|---|---|

| Amount claimed | Unspecified |
|---|---|
| Court fee | £528 |
| Solicitor's costs | Unspecified |
| Total amount | Unspecified |

The court office at

is open between 10 am and 4 pm Monday to Friday. When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number.

**N1** Claim form (CPR Part 7) (01.02)
This form is reproduced from *http://hmctsformfinder.justice.gov.uk/HMCTS/FormFinder.do* and is subject to Crown copyright protection. Contains public sector information licensed under the Open Government Licence v1.0

2929555

| Claim No. | |
|---|---|
| | |

Does, or will, your claim include any issues under the Human Rights Act 1998?   [ ] Yes   [X] No

Particulars of Claim ~~(attached)~~~~(to follow)~~

---

Statement of Truth
*~~(I believe)~~(The Claimant believes~~)~~ that the facts stated in these particulars of claim are true.
* I am duly authorised by the claimant to sign this statement

Full name _ <u>Alexander John Diebler Wilson</u> _____

Name of claimant's solicitor's firm  <u>Powell Gilbert LLP</u>_____

signed _____          position or office held   <u>Partner</u>_____
          *~~(Claimant)(Litigation friend)~~(Claimant's solicitor~~)~~          (if signing on behalf of firm or company)

*delete as appropriate

---

Powell Gilbert LLP
85 Fleet Street
London
EC4Y 1AE

Fax: 020 3040 8001
Ref: AJDW/BR/SAI1.1

Claimant's or claimant's solicitor's address to which documents or payments should be sent if different from overleaf including (if appropriate) details of DX, fax or e-mail.

2929555

CLAIM NO. HP-2020-000024

**IN THE HIGH COURT OF JUSTICE**
**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**
**INTELLECTUAL PROPERTY LIST (ChD)**
**PATENTS COURT**

**B E T W E E N:**

**SAINT-GOBAIN ADFORS S.A.S.**
**(a company existing under the laws of France)**

Claimant

**and**

**3M INNOVATIVE PROPERTIES COMPANY**
**(a company existing under the laws of Delaware, United States)**

Defendant

---

## GROUNDS OF INVALIDITY

---

1. The following are the Claimant's Grounds of Invalidity in respect of European Patent No EP(UK) 2 373 755 B1 (the "**Patent**"), as referred to in the Particulars of Claim served alongside these Grounds.

**NOVELTY**

2. The alleged invention as claimed in the Patent is not a patentable invention in that it was not new having regard to the state of the art comprising the following matter, which was made available to the public before the claimed priority date of the Patent.

PARTICULARS

Hereinunder the Claimant relies upon the following:

    a.  United States Patent No US 5 366 523 entitled *Abrasive Article Containing Shaped Abrasive Particles* ("**Rowenhorst**") which was made available to the public on 22 November 1994.

2929470

**OBVIOUSNESS**

3. The alleged invention claimed in each claim of the Patent is not a patentable invention in that it was obvious and did not involve an inventive step having regard to the state of the art comprising the following matter, which was made available to the public before the claimed priority date of the Patent.

<u>PARTICULARS</u>

Hereinunder the Claimant relies upon the following:

    a. Rowenhorst;

    b. United States Patent No US 6 054 093 entitled *Screen Printing Shaped Articles* ("**Torre**") which was made available to the public on 25 April 2000.

4. Insofar as the Defendant seeks to rely on its technical contribution in producing improved abrasive particles having the characteristics set out in the claim, the Claimant will say that there is no basis for considering that the improvement noted in the Patent was caused by the 'dish-shaped' nature of the particles, and certainly no basis for considering that any such improvement is characteristic of products across the scope of the claim (that is to say with the apparently randomly chosen $T_c/T_i$ ratio).

**INSUFFICIENCY**

5. The specification does not disclose the alleged invention clearly enough and completely enough for it to be performed by a person skilled in the art.

<u>PARTICULARS</u>

Hereinunder the Claimant relies upon the following:

<u>Lack of certainty in the claims</u>

*(i)   Uncertainty caused by the random selection process of claim 1*

    a. The claim is to 'dish-shaped' particles, the 'dish-shaped' particles being further identified by the fact that the 'first face' thereof is 'recessed'.

b. The claim further requires the dish-shaped particles to have a thickness ratio $T_c/T_i$ of 1.25-5.00 where $T_c$ is the thickness 'at a corner' of the sidewall and $T_i$ is the 'smallest thickness of the interior of the first face'.

c. However, the $T_c/T_i$ ratio is not calculated for any individual particle. Rather the claim requires an average to be taken from 'fifteen randomly selected dish-shaped abrasive particles'.

d. Thus no individual dish-shaped particle can be identified as being inside or outside the claim. Only a plurality of such particles exceeding 15 can ever fall within the claim. The claim does not specify any minimum number save for the logical limit of 15.

e. Whether a plurality of particles will fall within the claim cannot be determined with certainty since it will depend on the thickness ratio of the individual particles identified by the random selection process. Precisely the same plurality of particles may fall within the claim if one set of 15 was selected from within that plurality, but may not fall within the claim if another set of 15 was selected.

*(ii) Uncertainty caused by the ability to select any plurality of particles*

a. The claim does not specify how the plurality of dish-shaped particles is to be identified in the first place, extending therefore to a plurality of dish-shaped particles specifically chosen from within a large batch of abrasive particles on the basis of their high thickness ratio.

b. This gives rise to extreme uncertainty as to whether any production batch of abrasive particles falls within the claim.

*(iii) Uncertainty with respect to the dependent claims*

c. Claims 5 and 6 relate to abrasive particles 'comprising a draft angle' between prescribed limits. The claims do not specify how the draft angle is to be assessed, and in particular whether a given particle need have (i) one; (ii) the majority; (iii) all; or (iv) the average of its draft angles within the prescribed limits.

d. Each and every dependant claim is, either directly or through sub-dependency, to 'the abrasive particles' of claim 1. It is unclear whether the

3

limitation of each dependent claim is to be assessed by reference to: (i) the totality of the abrasive particles in a production batch; (ii) those particles which are identified as being 'dish-shaped'; (iii) the 15 particles randomly selected according to the process of claim 1; or (iv) something else.

e.  This gives rise to extreme uncertainty as to whether any production batch of abrasive particles falls within any dependent claim.

<u>Undue burden</u>

*(iv)  Undue burden in determining whether a production batch of abrasive particles falls within the claim*

a.  Ascertaining whether the claim is infringed requires (i) identifying and separating a plurality of dish-shaped particles with a recessed first face within a batch of particles; (ii) measuring the average thickness ratio of a randomly selected 15 particles (involving identifying each 'corner' of such particles, measuring its thickness, and then identifying the point of smallest thickness of the first face and measuring that thickness).

b.  That process is unduly burdensome.

*(v)  Undue burden in performing the invention across the claims*

a.  The description gives no or no adequate information enabling the skilled reader to implement the invention so as to reliably obtain products either within the claim or across the scope of the claims. In particular there is no indication in the examples of preparation of abrasive particles as to what thickness ratio was achieved, let alone how to vary that thickness ratio so as to be able to perform the invention across the breadth of the claim. The same is true of the draft angles of claims 5 and 6, and the fitting of abrasive particles to the radius of a sphere in accordance with claims 9 and 10.

b.  The skilled reader is therefore presented with a research project, the results of which are entirely unpredictable.

c.  Similarly, in respect of claims 3 and 4, the person skilled in the art having read the Patent would not know to obtain abrasive particles with a first face 'comprising a substantially planar center portion' as opposed to a first face

which is 'concave' (and vice versa), nor the criteria to be applied to distinguish between these shapes.

**IAIN PURVIS QC**

**POWELL GILBERT LLP**

**Statement of Truth**

The Claimant believes that the facts stated in these Grounds of Invalidity are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth  I am duly authorised by the Claimant to sign this statement.

Signed:……………………………………..

Alexander John Diebler Wilson

Partner

**SERVED** this   day of     2020 by Powell Gilbert LLP, 85 Fleet Street London, EC4Y 1AE United Kingdom (Reference AJDW/BR/SAI1.1), **Solicitors for the Claimant.**

5

12345

CLAIM NO. HP-2020-000024

**IN THE HIGH COURT OF JUSTICE**
**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**
**INTELLECTUAL PROPERTY LIST (ChD)**
**PATENTS COURT**

**B E T W E E N:**

**SAINT-GOBAIN ADFORS S.A.S.**
**(a company existing under the laws of France)**

<u>Claimant</u>

**and**

**3M INNOVATIVE PROPERTIES COMPANY**
**(a company existing under the laws of Delaware, United States)**

<u>Defendant</u>

---

**PARTICULARS OF CLAIM**

---

1.      The Claimant is a company within the Saint Gobain group of companies, headquartered in Paris which manufactures and sells *inter alia* construction and high-performance industrial materials and products.

2.      The Defendant is a company within the 3M group of companies, headquartered in St Paul, Minnesota.

3.      The Defendant is the registered proprietor of European Patent No EP(UK) 2 373 755 B1 (the "**Patent**").

4.      The Patent is in force.

5.      The Patent is invalid for the reasons set out in the Grounds of Invalidity served herewith.

2929461

**AND THE CLAIMANT CLAIMS:**

1.    A declaration that the Patent is invalid.

2.    An order that the Patent be revoked.

3.    Costs together with interest thereon.

4.    Further or other relief.

**IAIN PURVIS QC**

**POWELL GILBERT LLP**

**Statement of Truth**

The Claimant believes that the facts stated in these Particulars of Claim are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth  I am duly authorised by the Claimant to sign this statement.

Signed:……….…..……….…………………..

Alexander John Diebler Wilson

Partner

**SERVED** this        day of      2020 by Powell Gilbert LLP, 85 Fleet Street London, EC4Y 1AE United Kingdom (Reference AJDW/BR/SAI1.1), **Solicitors for the Claimant.**

12345

2